UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:20-cr-00295-FDW-DCK

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| JONATHAN SHANE STAMPER, | ) | |
| Defendant. | ) | |

THIS MATTER is before the Court on Defendant's Objections, (Doc. No. 41), to Magistrate Judge David Keesler's Memorandum and Recommendation (the "M&R"), (Doc. No. 37), entered on January 6, 2022, regarding Defendant's Motion to Suppress, (Doc. No. 30). For the reasons set forth below, Judge Keesler's M&R is AFFIRMED and ADOPTED, Defendant's Objections are OVERRULED, and Defendant's Motion to Suppress is DENIED.

**I.   BACKGROUND**

On August 19, 2020, Defendant was indicted in the Western District of North Carolina for drug trafficking conspiracy in violation of 21 U.S.C. §§ 841(a)(1) and 846, possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c), and possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1). See (Doc. No. 3). In Defendant's Objections to the M&R, Defendant does not dispute Judge Keesler's

1

discussion of the procedural history or factual summary.[1] (Doc. No. 41). Accordingly, the Court hereby ADOPTS and incorporates by reference Sections I and II of the M&R as if fully set forth herein. (Doc. No. 37, pp. 1-6).

On January 6, 2022, after holding a hearing on Defendant's Motion to Suppress, Judge Keesler entered his M&R, (Doc. No. 37), wherein he determined: (1) law enforcement had probable cause to make the traffic stop based on Defendant's display of a fictitious registration tag; (2) the subsequent "dog sniff" of the exterior of Defendant's vehicle was conducted lawfully and "without delay between the ordinary checks incident to a traffic stop;" and (3) at the conclusion of the dog sniff, officers had probable cause to search Defendant's vehicle. Id. at p. 10. Therefore, the recommendation to this Court is to deny Defendant's Motion to Suppress. Id. at p. 18.

## II.  STANDARD OF REVIEW

A district court may refer a motion to suppress to a magistrate judge for a recommendation pursuant to Federal Rule of Criminal Procedure 59(b)(1). See Fed. R. Crim. P. 59(b)(1). A party may file written objections to a magistrate judge's memorandum and recommendation within fourteen days of being served with a copy of the memorandum and recommendation. 28 U.S.C § 636(b)(1). "'Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.'" Morgan v. N.C. Dep't of Health and Human Servs., 421 F. Supp. 2d 890, 893 (W.D.N.C. 2006) (emphasis in original) (quoting Thomas v. Westinghouse Savannah River Co., 21 F. Supp. 2d 551, 560 (D.S.C. 1997)); see also Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987) ("Parties filing

---

[1] In his Objections, Defendant does assert: "Defendant Stamper respectfully disagrees with the Magistrate's recitation of the facts as they unfolded." (Doc. No. 41, p. 2). Upon closer look at Defendant's assertions, however, it is clear to the Court that Defendant only takes issue with the Magistrate Judge's conclusions of law. See, e.g., (Doc. No. 37, p. 15).

2

objections must specifically identify those findings objected to.") (cleaned up). "Frivolous, conclusive or general objections need not be considered by the district court." Battle, 834 F.2d at 421 (quotation omitted). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." Aldrich v. Bock, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004).

Thus, "[a]n 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." Id.; see also Jones v. Hamidullah, No. 2:05-2736-PMD-RSC, 2005 WL 3298966 at *3 (D.S.C. Dec. 5, 2005) (noting objections to an M&R "on the whole are without merit in that they merely rehash [the] general arguments and do not direct the court's attention to any specific portion of the [report]"). General or conclusory objections result not only in the loss of *de novo* review by the district court but also in waiver of appellate review. Tyler v. Beinor, 81 F. App'x 445, 446 (4th Cir. 2003) (per curiam); United States v. Woods, 64 F. App'x 398, 399 (4th Cir. 2003) (per curiam). If proper objections are made, a district court will review the objections under a *de novo* standard. 28 U.S.C. § 636(b)(1). Absent a specific, proper, and timely filed objection, the Court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

### III. DISCUSSION

Defendant advances two objections to the M&R. Specifically, Defendant objects to Judge Keesler's conclusions that: (1) "the Union County Sheriff's Office had probable cause to stop the subject vehicle for any other reason than a fictitious registration tag;" and (2) "the entire incident

3

– from the seizure of the vehicle on account of the traffic stop to the search of Stamper's vehicle, leading to the recovery of narcotics and the firearm – was consistent with the Fourth Amendment." (Doc. No. 41, pp. 1, 4).

As a preliminary matter, the Court notes Defendant's second objection generally attacks the "entire incident" as not conforming with the Fourth Amendment. Id. at p. 4. This broad assertion alone is insufficient to entitle Defendant to *de novo* review. See Battle, 834 F.2d at 421 (noting that "general objections need not be considered by the district court."). Defendant does, however, appear to narrow the scope of his second objection to "[b]oth the positive dog alert and the informant's information that Stamper was engaged in the selling of methamphetamine and carrying a firearm provided probable cause for officers to search his vehicle" in the header of his brief. (Doc. No. 41, p. 4). While this narrowed objection more "specifically identifies" the portion of the M&R Defendant contests, Defendant fails to address the confidential informant ("CI") within the body of his argument. See generally id. at pp. 4-6. Therefore, the Court finds Defendant has properly objected to and is entitled to *de novo* review of only the traffic stop and subsequent dog sniff of Defendant's vehicle, leading to the seizure of 230 grams of methamphetamine and a loaded firearm. See Fed. R. Crim. P. 59(b)(2); Morgan, 421 F. Supp. 2d at 560 ("Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and the basis for such objections*." (emphasis added; internal quotations omitted)). The Court reviews the remainder of the M&R for clear error. Diamond, 416 F.3d at 315.

**A.     The Traffic Stop**

Defendant first objects to the stop of his vehicle "for any other reason than a fictitious registration tag." (Doc. No. 41, p. 4). "The Fourth Amendment permits brief investigative stops . . . when a law enforcement officer has 'a particularized and objective basis for suspecting the particular person stopped of criminal activity.'" Navarette v. California, 572 U.S. 393, 396 (2014) (quoting United States v. Cortez, 449 U.S. 411, 417-18 (1981)). To conduct a traffic stop, law enforcement need only reasonable suspicion based on the totality of the circumstances, that is, "specific and articulable facts which, taken together with rational inferences from those facts" support the conclusion that "criminal activity may be afoot." Terry v. Ohio, 392 U.S. 1, 21, 30 (1968). This level of suspicion is "'considerably less than proof of wrongdoing by a preponderance of the evidence,' and 'obviously less' than is necessary for probable cause." Navarette, 572 U.S. at 397 (quoting United States v. Sokolow, 490 U.S. 1, 7 (1989)).

Here, it is undisputed that law enforcement possessed *at least* reasonable suspicion to conduct a traffic stop the instant Detective Mason observed Defendant within the Nissan Murano displaying a fictitious registration tag. See (Doc. No. 41, p. 1) ("The Defendant objects to the proposed finding that the Union County Sheriff's Office had probable cause to stop the subject vehicle for *any other reason than a fictitious registration tag*.") (emphasis added). Displaying a fictitious registration is a Class 3 misdemeanor in North Carolina. See N.C. Gen. Stat. § 20-111(2). Accordingly, the Court finds Detective Mason acted within the scope of the Fourth Amendment in stopping Defendant's vehicle after observing a Class 3 misdemeanor.[2] The Court consequently overrules Defendant's objection to the traffic stop of Defendant's vehicle.

---

[2] The Court acknowledges the breadth of Defendant's first objection focuses on the reliability of the CI's information. Any indicia of unreliability, however, does not negate the independent reasonable suspicion Detective Mason

**B.     The Dog Sniff of Defendant's Vehicle**

Defendant next objects to Judge Keesler's finding that law enforcement developed sufficient probable cause to search Defendant's vehicle. The Court again disagrees. During a valid traffic stop, officers are permitted to "detain the offending vehicle for as long as it takes to perform the traditional incidents of a routine traffic stop," including "request[ing] a driver's license and vehicle registration, run[ning] a computer check, and issu[ing] a citation." United States v. Branch, 537 F.3d 328, 335 (4th Cir. 2008); see also Rodriguez v. United States, 575 U.S. 348, 355 (2015). The officers' authority is limited, however, as "[a] seizure justified only by a police-observed traffic violation . . . 'become[s] unlawful if it is prolonged beyond the time *reasonably required to complete th[e] mission*' of issuing a ticket for the violation." Rodriguez, 575 U.S. at 350-51 (quoting Illinois v. Caballes, 543 U.S. 405, 407 (2005) (emphasis added)). The essential issue to any Rodriguez issue, therefore, "is not whether the dog sniff occurs before or after the officer issues a ticket . . . but whether conducting the sniff *prolongs* – i.e., adds time to – the stop." Rodriguez, 575 U.S. at 357 (internal quotations omitted; emphasis added).

Here, Defendant contends because Detective Mason knew prior to the stop of Defendant's vehicle that it displayed a fictitious tag, the ten-to-twelve-minute detention of his vehicle violated the Fourth Amendment's bounds. (Doc. No. 41, pp. 4-5). During the suppression hearing, however, Deputy Presson "reaffirmed Detective Mason's statement that there was no delay between the dog sniff and the check of Defendant's vehicle registration status and VIN number – both were occurring *simultaneously*, and the dog sniff did not take longer than the records check." (Doc. No.

---

developed upon observing Defendant displaying the fictitious registration in violation of N.C. Gen. Stat. § 20-111. Any information provided by the CI as it relates to the stop of Defendant's vehicle, therefore, only enhanced the officers' authority to execute a traffic stop pursuant to the Fourth Amendment. Terry, 392 U.S. at 20.

6

Case 3:20-cr-00295-FDW-DCK   Document 46   Filed 06/02/22   Page 6 of 7

37, p. 6) (emphasis added). Defendant, on the other hand, failed to present evidence at the suppression hearing that contradicts the brevity of the stop in its entirety or supports a finding that the dog sniff prolonged the time of the stop. Accordingly, the Court is satisfied that the simultaneous dog sniff of Defendant's vehicle while Detective Mason was performing traditional incidents of the traffic stop was within the bounds of the Fourth Amendment. See Branch, 537 F.3d at 335. Therefore, the Court also overrules Defendant's objection to the dog sniff of Defendant's vehicle.

**C.     Clear Error Review**

As previously discussed, only *specific* objections raised in Defendant's Objections are reviewed *de novo.* See supra § II. Therefore, the remainder of Judge Keesler's conclusions are reviewed for clear error. Diamond, 416 F.3d at 315. Having carefully reviewed the M&R, the Court finds no clear error. Accordingly, this Court AFFIRMS Judge Keesler's M&R.

**IV.     CONCLUSION**

For the foregoing reasons, the Magistrate Judge's M&R, (Doc. No. 37), is AFFIRMED and ADOPTED, Defendant's Objections to the M&R, (Doc. No. 41), are OVERRULED, and Defendant's Motion to Suppress, (Doc. No. 30), is DENIED.

IT IS SO ORDERED.

Signed: June 2, 2022

*[Signature]*

Frank D. Whitney
United States District Judge